UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>ION VELCU,<br>　　　　　Defendant. | Case No. 20-cr-00340-EJD-1   (VKD)<br><br>**ORDER RE FURTHER PROCEEDINGS ON THE UNITED STATES' MOTION FOR DETENTION** |

　　　　The United States moved for detention of defendant Ion Velcu. The Court held a hearing on the United States' motion on February 10, 2021. Dkt. No. 25. Mr. Velcu waived his personal appearance and appeared by video at the hearing. He was represented by counsel and assisted by a Romanian language interpreter. At the conclusion of the hearing, the Court determined that there were no conditions, or combination of conditions, of release that would reasonably assure Mr. Velcu's appearance for court proceedings and detained him on that ground. However, upon reflection the Court believes that it did not fully consider the matter as required by 18 U.S.C. § 3142(f).

　　　　In advance of the hearing, Pretrial Services provided a Pre-Bail Report to counsel and to the Court. Although Pretrial Services had contacted Mr. Velcu's proposed surety and custodian and incorporated an evaluation of their suitability and willingness to serve in those capacities as part of its recommendation to the Court, at the detention hearing, counsel for Mr. Velcu indicated that the proposed custodian was prepared to offer different information to the Court. At the time, the Court did not believe that *any* custodian or surety would be sufficient to reasonably assure Mr. Velcu's appearance for trial and for that reason did not ask the proposed surety and custodian to testify at the hearing. The Court now believes this was error and unfair to Mr. Velcu.

On a motion for pretrial detention, the United States bears the burden to show by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). In evaluating whether pretrial release is appropriate, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The United States has already made a substantial showing that Mr. Velcu poses a risk of flight. In these circumstances, the Court will permit Mr. Velcu to more fully develop the record to attempt to show that there are no conditions of release that will reasonably assure his appearance as required.

The Court orders as follows:

1. Defense counsel shall coordinate with Pretrial Services for an interview of Mr. Caldararu, the proposed custodian, and for interviews of any other proposed surety or custodian that Pretrial Services has not already interviewed and evaluated for that purpose.

2. Defense counsel shall consult with counsel for the United States regarding a mutually agreeable date for a further detention hearing before the undersigned magistrate judge and shall so advise Courtroom Deputy Patricia Cromwell so that the matter may be set on the duty calendar.

3. The parties may, but need not, make written submissions to the Court regarding their positions in advance of the further hearing.

**IT IS SO ORDERED.**

Dated: February 15, 2021



VIRGINIA K. DEMARCHI
United States Magistrate Judge

2